UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Leon Henry Carter, III,

        Plaintiff,

v.

Ralph Clark,

        Defendant.

Civ. No. 12-258 (RHK/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil complaint seeking redress for alleged violations of his federal constitutional rights. (Docket No. 1). The complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead filed an application seeking leave to proceed IFP. (Docket No. 2). However, Plaintiff is a prison inmate, which means that he must pay an initial partial filing fee before he can proceed IFP. 28 U.S.C. § 1915(b)(1).

The Court previously determined that Plaintiff's IFP application could not be granted because Plaintiff had failed to pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). This omission was called to his attention by

this Court's Order of February 2, 2012 (Docket No. 3). That Order gave Plaintiff 20 days to submit his initial partial filing fee prescribed by § 1915(b)(1), in the amount of $138.24. The Order expressly advised Plaintiff that his case would be subject to summary dismissal unless he complied with this requirement within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not tendered the initial partial filing fee prescribed by § 1915(b)(1). Plaintiff has not offered any explanation for his failure to pay the fee required by statute, and by this Court's prior order. Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to submit initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171, 2004 WL 2603590 (8th Cir. 2004) (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil

---

[1] The Court's prior order plainly stated: "If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution, pursuant to Fed. R. Civ. P. 41(b)." (Docket No. 3, p. 3).

Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2) be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 7, 2012

                                                s/Leo I. Brisbois
                                                LEO I. BRISBOIS
                                                United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 21, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.